UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Darnell R. Cooper,
    Petitioner,

v.

Department of Justice,
Bureau of Prisons,

Harley Lappen, et al,
Director,

David L. Winn, et al,
Warden.

    Respondent(s).

Civil Action N°.:

04-40141

PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. §2241

Now comes Petitioner, Darnell R. Cooper, acting Pro Se in the above captioned action and case before this Honorable Court humbly requesting relief pursuant to title 28 U.S.C. §2241, and for writ in the nature of mandamus whereas, the above Respondent(s) failed to provide the Petitioner, his proper Good Time Credit(GTC) by miscalculating GTC by 56 days.

Petitioner is an federal inmate with a inmate number of 23846-050, and is being housed at F.M.C. Devens to serve an imposed sentence of 96 months term of imprisonment by the United States District Court for the District of New Jersey and was taken in the custody by the Department of Justice Bureau of Prisons.

Petitioner was sentence to a 96 month term of imprisonment

with 5years supervised release and a $100.00 assessment fee estimated and project release date with GTC is February 26, 2008, by the B.O.P. erroneous calculations.

## FACTS AND TRAVELS

On January 3, 2002, the Petitioner was sentenced to serve 96 months imprisonment with 5 years supervised release in the Bureau of Prisons by the United States District Court for the District of New Jersey by the Honorable Judge Greenaway Jr. for violation of conspiracy to distribute heroin under title 28 U.S.C. §846.

On March 31, 2004, Petitioner was designated by the B.O.P. to F.M.C. Devens addressed as P.O. Box 879, Ayer, MA 01432-0879, to presently serve the imposed sentence in the B.O.P. under the Department of Justice.

Petitioner expressed concern to the GTC that he was receiving to ISM informing them that there is a miscalculation in the GTC by 56 days whereas, the Petitioner is to receive 432 days GTC for the term imposed and not 376 days as calculated by the B.O.P..

The Petitioner argues the determination of the B.O.P. and the Warden of the facility where he is confined that he should receive 432 days GTC and not 376 days. Inasmuch as Petitioner has been sentenced to a term of imprisonment of more than one(1) year, in accordance with the provisions of 18 U.S.C. §3624(b), the Petitioner is entitled to a credit of 54 days per-year for GTC. However, the Department of Justice Bureau of Prisons has established a policy for implementing §3624(b), and that policy

28 C.F.R. §523.20 and B.O.P. Program Statement 5880.28 materially underlines §3624(b).

Petitioner request the GTC that is set by statute 18 U.S.C. §3624(b), a federal prisoner may earn up to 54 days of good time credit for every year of his "term of imprisonment" the B.O.P. calculate GTC on the basis of the sentence served rather than on the time actually served.

Whereas, the Petitioner was sentenced to a term of imprisonment of 96 months his calculation should have been 54 days x 8 = 432 the B.O.P. has calculated the Petitioner's GTC served and not the Petitioner's "term of imprisonment."

## SUBJECT MATTER JURISDICTION

Petitioner brings this action pursuant to both 28 U.S.C. §1361 and §2241. 2241 has long been recognized as the basis for challenging the execution of the sentence of a person in federal custody for violating a federal criminal statute. See: Maleng v. Cook, 490 U.S. 488, 493 (1989); Ralston v. Robinson, 454 U.S. 201, 102 S.Ct. 233, 70 L.Ed.2d 345 (1981); also see: Monahan v. Winn, 276 F.Supp.2d 196, 203 (D.Mass. 2003). Accordingly, this matter is properly brought pursuant to 28 U.S.C. §2241, inasmuch as Petitioner seeks the court's intervention in correcting the manner in which Petitioner's sentence is being computed.

Section 1361 is clear on its face, and grants the District Court "original jurisdiction (over) any action in the nature of a mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The administrative remedy is futile and the Petitioner will receive any relief through that procedure. Countless prisoners at the institution as well as other institutions have attempted to have their sentence re-computed in a manner consistent with 18 U.S.C. §3624(b), statute. However, all of such efforts have been fruitless, and were categorically denied. See: Request to Staff attached.

It is true that administrative remedies ordinarily must be exhausted before filing a habeas petition pursuant to 28 U.S.C. §2241. However, failure to exhaust may be excused when any of the following circumstances apply: "(1) available remedies provide no 'genuine opportunity for adequate relief'; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be 'futile'; and (4) in certain instances [when] a plaintiff has raised a 'substantial constitutional question.'" See: Guitard v. United States Secretary of Navy, 967 F.2d 737, 741 (2nd Cir. 1991). in any event, the exhaustion requirement for §2241 petitions is prudential to 28 U.S.C. §2254. See: Arango Marquez v. INS, 346 F.3d 892, 897 (9th Cir.2003).

There can be no question that exhaustion of administrative remedies, pursuant to 28 C.F.R. §542.15, would be futile. Notwithstanding a recent district court opinion finding that the BOP method of calculating GTC pursuant to 18 U.S.C. §3624(b), is erroneous. See: White v. Scibana, 03-C-581-C (W.D. Wisconsin).

The Bureau of Prisons maintains their method of calculating GTC. Thus, making exhaustion is necessarily excused.

## GROUNDS FOR PETITION

Petitioner is requesting full GTC for time imposed by the United States District Court for the District of New Jersey on January 3, 2002, for the Petitioner to serve 96 months imprisonment and that the Honorable Court order the BOP to calculate the Petitioner's term of imprisonment.

Petitioner is entitled to earn 54 days GTC for each full year to "serve" on a sentence in excess of one year, with GTC being prorated for the last partial year.

Petitioner has been sentenced to 96 months and by calculating the GTC by 54 days the Petitioner is entitled to at least 432 days GTC for a 8 year sentence.

Petitioner is being given less than his actual due GTC by the BOP causing the Petitioner to serve a longer sentence in the custody of the Department of Justice Bureau of Prisons.

Most importantly, seizing on the reference in the statute "18 U.S.C. §3624" to 54 days, the Petitioner argues that of GTC to which he is <u>entitled</u> to should be determined by simply multipling 54 by 8 for a total of 432 days. The Petitioner's argument makes sense on its face, he subject to 96 months imprisonment: he should receive a credit of 54 days for each year of the term.

In fact, Circuit Courts in the various districts has already addressed this very issue and determined the phrase outlined in title 18 U.S.C. §3624, "term imprisonment" as being ambiguous, it could be construed reasonably to mean the term

sentence or the amount served. See: <u>Camacho v. Hood</u>, 272 F.3d 1266 (9th Cir. 2001); also <u>White v. Scibana</u>, 03-C-581-C(7th Cir. 2004).

Petitioner argues that §3624(b) is infact, "term of imprisonment" means "sentence imposed." Therefore, the BOP must calculate an inmate's GTC on the basis of his sentence rather than on the time he has served.

The current BOP policy for computing GTC effectively requires all federal prison's sentence under Sentence Reform Act to serve approximately 88% of their sentence a far cry from the 85% intented by Congress, as observed by the Sentencing Commission less than three years after the sentencing guidelines, and §3624(b), went into effect.

The rule of lenity does not prevent an agency from resolving statutory ambiguity through a valid regulation; in such a case, the regulation gives the public sufficient warning to ensure that nobody mistakes the ambit of the law or its penalties. Rule of lenity ensures that the penal laws will be sufficiently clear, so that individuals do not accidentally run afoul of them and courts do not impose prohibitions greater than legislature intended.

## CONCLUSION

For all the reasons herein the Petitioner humbly and respectfully request that this Honorable Court to grant the Petitioner's motion and order to the Respondent(s) to calculate the Petitioner's GTC properly basis on the sentence imposed and not on the time served.

Petitioner, having demonstrated that the BOP interpretation of 18 U.S.C. §3624(b) is contrary to that statute's plain meaning, and the Congressional intent underlying same, seeks the issuance of: (1) a writ of mandamus, compelling the Respondent to re-compute the Petitioner sentence.

Wherefore, Premises Considered, Petitioner prays that this Honorable Court will grant this petition, in its entirety.

Submitted on this ____ day of July ____

Darnell R. Cooper
23846-050 J-B
F.M.C. Devens
P.O. Box 879
Ayer, MA 01432-0879

Petitioner / Pro Se

SEP 98
U.S. DEPARTMENT OF JUSTICE                              FEDERAL BUREAU OF PRISONS

| TO: (Name and Title of Staff Member) Carol Hawthorne (& ISM Records) | DATE: 2-11-02 |
|---|---|
| FROM: Darnell Cooper | REGISTER NO.: 23846-050 |
| WORK ASSIGNMENT: | UNIT: EA |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I was arrested on 3-9-01 and have been in federal custody since that date. I was sentenced on 1-3-02 to 96 months. I went to team on Thursday (2-7-02) and I was informed that my release date is *(2-26-08). That date is wrong and is off by 2 months. I calculated my release date to be (12-26-07 or 12-27-07). Can you please sit down with me and go over this with me.

Thank you!!

1 yr. + 67 days (432 days) good time           Date of sentence (1-3-02) to (Jan. 3, 2010) = 96 month (8 yr
(10 months jail credit)                        "Subtract" 432 days good time = (Oct. 26 + 27, 2008)
                                               "Subtract" jail credits = (Dec. 26 + 27, 2007) = release date

(Do not write below this line)

DISPOSITION:                                                        2/12/02

As I discussed with you at mainline, the good time you earn is based on the length of time in custody, not the length of your sentence. You will earn 376 days of good time off of your sentence, not 432 days. Please see attached good time data form

| Signature Staff Member | Date |
|---|---|
| C Hawthorne | 2/12/02 |

```
    OTVAA  542*22 *          SENTENCE MONITORING              *   02-13-2002
    PAGE 001 OF 001 *          GOOD TIME DATA                 *   16:22:21
                              AS OF  02-13-2002

REGNO...: 23846-050    NAME: COOPER, DARNELL R
ARS 1...: OTV A-DES                                    PLRA
COMPUTATION NUMBER..: 010             FUNC..: PRT    ACT DT:
LAST UPDATED: DATE.: 02-04-2002       FACL..: OTV      CALC: AUTOMATIC
UNIT................: E-A             QUARTERS............: E11-008U
DATE COMP BEGINS....: 01-03-2002      COMP STATUS.........: COMPLETE
TOTAL JAIL CREDIT...: 300             TOTAL INOP TIME.....: 0
CURRENT REL DT......: 03-08-2009 SUN  EXPIRES FULL TERM DT: 03-08-2009
PROJ SATISFACT DT...: 02-26-2008 TUE  PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                 ACTUAL SATISF METHOD:
DAYS REMAINING......:                 FINAL PUBLC LAW DAYS:

---------------------------GOOD CONDUCT TIME AMOUNTS---------------------------

     START         STOP       MAX POSSIBLE TO    ACTUAL TOTALS    VESTED     VESTED
     DATE          DATE       DIS      FFT       DIS      FFT    AMOUNT      DATE
    03-09-2001   03-08-2002    54
    03-09-2002   03-08-2003    54
    03-09-2003   03-08-2004    54
    03-09-2004   03-08-2005    54
    03-09-2005   03-08-2006    54
    03-09-2006   03-08-2007    54
    03-09-2007   02-26-2008    52

       TOTAL EARNED AMOUNT..........................................:      0
       TOTAL EARNED AND PROJECTED AMOUNT............................:    376




G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```